## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:07CV249-W-02
## (3:03CR215-W)

CHARLES TYRONE BLACKSHEAR,)
    **Petitioner,**      )
                      )
        **v.**             )          <u>ORDER</u>
                      )
UNITED STATES OF AMERICA, )
    **Respondent.**     )
_____)

    **THIS MATTER** comes before the Court on the petitioner's Motion to Vacate under 28 U.S.C. §2255, filed June 26, 2007. After having carefully reviewed the petitioner's Motion along with the record of his criminal case, and the relevant legal precedent, the Court concludes--out of an abundance of caution-- that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to timely pursue a direct appeal of his underlying criminal case.

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    Pertinent to the instant Motion, on November 19, 2003, a Bill of Indictment was filed, charging the petitioner with four separate instances of possession with four counts of intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846 (Counts One through Four); with using and carrying a firearm during and in relation to a drug trafficking crime, and possessing such firearm in furtherance of that drug trafficking crime, all in violation of

18 U.S.C. §924(c)(1) (Count Five); and with having been a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count Six).

On July 14, 2005, the petitioner appeared before the Court and entered "straight-up" guilty pleas to the foregoing charges. On that occasion, the Court engaged the petitioner in its standard lengthy plea colloquy to ensure that he was knowingly and voluntarily tendering his pleas. After considering the petitioner's answers to all of its questions, the Court decided that the guilty pleas should be accepted, and so it accepted his pleas.

Next, on July 17, 2006, the Court held a Factual Basis & Sentencing Hearing in this matter. On that occasion, the government filed a "Motion For A Downward Departure," requesting a sentence reduction for the petitioner pursuant to U.S. Sentencing Guidelines §5K1.1. The government's Motion reported that the petitioner's Total Offense Level was 34, his Criminal History Category was VI, and his sentencing range was a mandatory term of life imprisonment, plus a consecutive 60-month term. However, the government's Motion sought a total term of 322 months imprisonment.

After reviewing that Motion along with the record, including the petitioner's Pre-Sentence Report, the Court granted the government's Motion. However, the Court denied the petitioner's

oral motion for a variance below the applicable Guidelines range.

Thereafter, the Court sentenced the petitioner to current terms of 262 months imprisonment on Counts One through Four, to a 60-month consecutive term on Count Five, and to a final 120-month term on Count Six. The Court's Judgment was filed on August 3, 2006.

No appeal was filed in this case. Rather, after the passage of about ten months after the Judgment was filed, the petitioner filed the instant Motion to Vacate, alleging only that his former counsel, Mr. R. Brent Walker, was ineffective for having failed to honor his request for an appeal to the Fourth Circuit Court of Appeals. That is, in his Motion the petitioner alleges that on the date that he was sentenced, he asked his attorney to file a direct appeal for him; that counsel agreed to file a Notice of Appeal on his behalf; but that counsel failed to file the subject appeal as he had promised.

## II.  ANALYSIS

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether

to appeal constitutes ineffective assistance).

Additionally, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur after the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000). Finally, in Rodriquez v. United States, 395 U.S. 327 (1969), the Court indicated that defendants have an absolute right to a direct appeal. Thus, the appellate stage of the proceedings is a critical stage during which the right to counsel clearly would attach.

In the instant case, the petitioner has alleged that he expressly requested an appeal on the date that he was sentenced and that counsel agreed to file the appeal for him. However, the petitioner also has alleged that counsel failed to file that appeal.

In addition to the foregoing, the record of this matter reflects that five days after the Judgment in this matter was

4

filed, and within the 10-day period during which notice of appeal could have been given by the petitioner, the Court entered a sealed Order granting the petitioner's former attorney's sealed Motion to Withdraw from this case. Although that Order directed that "the Clerk of Court take appropriate steps to cause new counsel be appointed," new counsel never was appointed for the petitioner; and former counsel never gave a notice of appeal.

Thus, even if the government were to file an answer or other response which attaches an affidavit in which former defense counsel simply denies the petitioner's claim of his failure to perfect an appeal, that denial would be unavailing. That is, even in light of such a denial, the facts still would remain that the Court would be faced with competing representations from the parties, and the record confirms that the petitioner did not have the benefit of counsel during a critical stage of these proceedings.

Accordingly, in light of <u>Evitts</u>, <u>Peak</u>, <u>Flores-Ortega</u> and <u>Rodriquez</u>, the Court concludes that the petitioner's Motion to Vacate should be <u>granted</u>. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the petitioner may appeal his convictions and/or sentences.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Blackshear, you are hereby advised that you have a right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing the petitioner to timely appeal his case;

2.　That the petitioner's original Judgment is **VACATED** due to counsel's failure to consult with the petitioner concerning an appeal, or to timely file an appeal as requested by the petitioner;

3.　That the Clerk is directed to prepare a new Judgment with the same sentences and conditions as indicated on the original Judgment form;

4.　That the petitioner may appeal from his new Judgment as has been explained in this Order; and

5.　That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: July 21, 2007

Frank D. Whitney
United States District Judge